IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                             No. 02-20138
                           Summary Calendar
                         _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

ANTHONY DWAYNE MARTIN,

                                              Defendant-Appellant.

                         --------------------
                Appeal from the United States District Court
                    for the Southern District of Texas
                       USDC No. H-01-CR-336-ALL
                         --------------------
                           January 15, 2003

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

      Anthony Dwayne Martin appeals his bench-trial conviction for

being a felon in possession of a firearm, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2).  Martin first argues that 18

U.S.C. § 922(g)(1) is unconstitutional on its face and as applied

to him.  Martin acknowledges that his arguments are foreclosed by

circuit precedent, but he raises them to preserve review by the

Supreme Court.  Martin's arguments are indeed foreclosed.  See,

_____

      * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

e.g., United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002). Accordingly, the judgment of the district court is AFFIRMED in part.

Martin argues that his conviction for unauthorized use of a motor vehicle is not a crime of violence and should not have been considered for sentencing enhancement purposes under U.S.S.G. §§ 2K2.1 and 4B1.2. The Government concedes that Martin's conviction for unauthorized use of a motor vehicle is not a crime of violence and requires that Martin's case be remanded for sentencing. We therefore VACATE the sentence and REMAND for resentencing consistent with United States v. Charles, 301 F.3d 309 (5th Cir. 2002) (en banc).

AFFIRMED IN PART; VACATED IN PART and REMANDED FOR RESENTENCING.